## H. & T. C. R. R. CO. v. JULIUS BOEHM.

### SUPREME COURT, AUSTIN TERM, 1882.

*Railroad—Injury to passenger—Compensatory damages—Charge of court,—* A charge that would tend to limit a recovery for all injuries received to a recovery for only a part of the injuries made the basis of the claim, was properly refu-ed, as it made the capacity for labor at the time of the injury the standard by which a life's labor was to be estimated.

*Same—Evidence.*—There was no error in refusing to instruct the jury "You cannot find any damages by way of compensation for the lessened capacity to labor for the period of plaintiff's life, there being no evidence to show what would purchase an annuity equal to the value of his labor for the duration of his life, and no basis has been furnished for making the calculation; and you will allow nothing, on this account, for permanent injuries, if any." There is no rule of law requiring the production of such testimony.

*Same—Punitory damages.*—Where the suit was brought to recover only compensatory damages, the court having instructed the jury that they would find such *actual* damages as the evidence showed the plaintiff had sustained, and set out the several reasons, or grounds, for which damages might be found, none of these grounds being punitory in character; *held*, that the instruction that "You will allow only damages by way of compensation, and nothing for punishing the defendant," was properly refused.

*Excessive verdict.*—Where the verdict is not clearly excessive it will not be molested, especially so after the judge who tried the cause overruled a motion for new trial, based, among other grounds, upon the excessive character of the verdict.

Appeal from Robertson county.—Beall & Kemp for appellant, Hamman & Adams for appellee.

Opinion by Stayton, J.—This action was brought to recover actual damages for injuries alleged to have been received by the appellee while a passenger on the appellants cars.

The injuries alleged were painful, serious and permanent, and were charged to have been caused by the failure of appellant to keep its road in proper repair, by the negligent and unskillful management of its train, and by its negligence in permitting a "switch" at the place where the injury was received to become and remain out of order and in dangerous condition.

There was a trial, and judgment in favor of the appellee for $5000.

There is no question raised in this court as to the matters of negligence under which it is claimed that the injury was received, and we will only consider such questions as are raised by the assignments of error, and as are relied upon in brief for appellant.

The first assignment of error relied upon is as follows:

"The court erred in refusing the following instructions asked by defendant:

"If the jury find for the plaintiff, you will consider whether, under the evidence, plaintiff's ability to labor was diminished by the injuries received. If you so find, you will allow the plaintiff an amount for compensation equal to the difference between what the plaintiff could earn before and what he can earn now, in consequence of said injuries, for the length of time said plaintiff was so prevented from work by said injuries. The above rule for estimating damages you will consider in connection with such damages as you may allow plaintiff for pain and suffering under foregoing charges."

In his petition plaintiff claimed compensatory damages for personal injuries, physical pain, mental anguish, serious impairment of health and permanent disability.

On the measure of damages, the court charged the jury as follows: "If you find for plaintiff, you will find such actual damages as the evidence shows he has sustained by the injuries and hurts proved to have been inflicted by the acts complained of on the part of defendant, and which were occasioned through their negligence, that is the value of the time lost by the plaintiff during the time he was incapacitated from work or labor (if any), taking into consideration the nature of his business, and the value of his services in conducting the same; also, a fair compensation for the physical and mental suffering you find the injuries caused, and the probable effect of the injury in the future upon his health, the length of time said plaintiff was so prevented from work by said injuries. The above rule for estimating damages you will consider in connection with such damages as you may allow plaintiff for pain and suffering under foregoing charges."

The instruction given by the court presented fairly to the jury the several elements or basis for damages set out in the pleadings, and to which the evidence related, and this would have been a sufficient reason for refusing the charge asked; but the charge was properly refused for the reason that it would have tended to limit the appellee's recovery for all injuries received to a recovery for only a part of the injuries made the basis of the claim; the impropriety of which is well illustrated by this case.

The charge, as asked, would have restricted the appellee's right

to recover to such damages as would compensate him for pain and suffering, and for the "difference between what the plaintiff could earn before, and what he can earn now," and for loss of time. This would cut off all future increased disability resulting from the injuries received, although from such injuries, under the evidence, the appellee may, in the future, become unable to perform any labor, either physical or mental; it ignored the power in the future, but for the injuries received, to acquire a capacity, mentally or physically, to do more profitable labor than the appellee was able to do at the time of the injury; it made the capacity for labor at the time of the injury, the standard by which a life's labor was to be estimated.

The next assignment of error presented is as follows:

" The court erred in refusing the following instruction asked by defendant:

" You cannot find any damages by way of compensating plaintiff for lessened capacity to labor for the period of his natural life, there being no evidence to show what would purchase an annuity equal to the value of his labor for the duration of his life, and no basis has been furnished for making the calculation, and you will allow nothing on this account for permanent injuries, if there are any."

There was no error in refusing to give this instruction; for there is no rule of law requiring the production of such testimony. If the appellant's counsel were of the opinion that such testimony would illustrate the question of damages, and give the jury a fair view of the question, they could have offered it, if admissible; as to which, under the facts of this case, we are not called upon to decide, and upon which we intimate no opinion.

The next assignment of error is, the court erred in refusing the following instruction asked by the defendant:

" You will allow only damages by way of compensation, and nothing for the purpose of punishing the defendant."

There was no error in refusing to give this instruction. The suit was brought to recover only compensatory damages; and in the charge herein first set out the court instructed the jury, if they found for the plaintiff, that they would find such *actual damages* as the evidence showed the plaintiff had sustained, and set out the several reasons, or grounds, for which damages might be found; and none of these grounds were punitory in character.

The last assignment of error is: "The court erred in refusing to grant defendant's motion for a new trial, because of the grounds therein specified, and because the jury exceeded the limits of compensation and found damages flagrantly outrageous and extravagant."

The damages assessed by the jury seem large, but the testimony tends to show that the injuries received are permanent in character—such as may not only impair the ability of the appellee to labor, but may at some future time render him unable to labor at all.

Dr. Eaves, witness for appellee, says he examined the injured man on the day of the accident; found an incised wound of the scalp two-by-two inches in extent, cut to the periosteum; the periosteum and scalp peeled off together; attended him six to eight days, and left him in a somewhat mentally deranged condition; is of opinion that the wound would render him less able to resist or recover from other diseases in after life, and that he would be more liable to diseases, aches and pains than if he had not received the wounds; that as age came on the wounds would weaken his physical powers and increase his suffering; that, as a farm hand, he would be less able to do manual labor in the hot season, and that during his life, in any vocation, he would be liable, from his wounds, to mental and physical disease. He also testified that the injuries to the appellee were permanent.

Dr. Starley, witness for appellant, says he called to see appellee the day he was injured; found contusion and laceration of scalp, extensive on right side; also contusion of chest; that it was difficult to, and he could not, determine from the appearance of the wound whether it was permanent or temporary; that the skin on his head was lacerated, but skull not fractured; there was contusion on chest and some difficulty in breathing, but not serious, and only continued for a short time; that he discovered no wound on his right knee or left foot; attended the patient from February 21 to March 11, 1881; that when he left the patient he was not in a condition to work, but that he was not needing any medical attention.

The verdict is not so clearly excessive as to authorize us to substitute our judgment for that of the jury, and especially so after the judge who tried the cause overruled a motion for new trial, based, among other grounds, upon the excessive character of the verdict.

There being no error in the judgment, it is affirmed.