NORTHERN TEXAS TRACTION COMPANY v. J. K. YATES.

Decided April 19, 1905.

**1.—Charge—Assuming Facts.**

There was no error in assuming, in the charge, that plaintiff was injured and that he was in a dangerous position when injured, when those facts were shown by uncontroverted evidence.

**2.—Personal Injury—Damages—Charge.**

A charge on damages recoverable for personal injury is not liable to confuse nor to permit a double recovery because, in addition to physical and

mental suffering and impairment of earning power, it permits recovery for impairment of the nervous system and of the memory.

### 3.—Discovered Peril—Contributory Negligence.

Where plaintiff's action is predicated solely on defendant's negligence after discovering him in a position of peril, his contributory negligence in getting into such position is not a defense nor an issue in the case.

### 4.—Deposition—Evasive and Irresponsive Answers.

A deposition will not be quashed because answers to cross interrogatories are irresponsive and evasive, where they were as complete as practicable in view of the witness' knowledge, and the deposition in its entirety furnishes the information desired to be elicited by the cross interrogatories.

### 5.—Deposition—Belief of Witness.

The answers of a witness to interrogatories will not be rejected because he prefaces his statement of facts with "I believe," where it is evident that he meant thereby that he was testifying according to his best recollection.

### 6.—Impairment of Mind—Evidence.

Where the only mental impairment alleged by plaintiff as resulting from an injury to his head was defect of memory, evidence of collateral circumstances preceding his injury and going to show mental eccentricity on such previous occasion, was not relevant to the issue as to such impairment of memory.

### 7.—Bill of Exceptions.

A bill of exceptions should state the facts in regard to the matter of which complaint is made in such manner as to exclude any reasonable hypothesis upon which the court's ruling can be sustained.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*E. B. Perkins, D. Upthegrove* and *Edward G. Perkins,* for appellant. —In an action brought to recover damages for personal injuries, where the testimony is conflicting as to the nature, character and extent of plaintiff's injuries, it is reversible error for the court to assume in its charge that plaintiff was injured. International & G. N. Ry. v. Anderson, 82 Texas, 576; Houston & T. C. Ry. v. Nixon, 52 Texas, 28; Texas & P. Ry. v. Berry, 72 S. W. Rep., 424; Gulf, C. & S. F. Ry. v. Finley, 32 S. W. Rep., 51.

Where a party alleges that, in attempting to board a moving car, he was in a perilous position, and seeks to recover damages on the theory that his peril was discovered by the conductor in charge of said car, it is reversible error for the court to assume, in its main charge, that, as a matter of law, plaintiff was in a dangerous position. Same authorities.

A charge of the court which instructs the jury that plaintiff is entitled to recover for physical pain, mental suffering, impairment of nervous system, impairment of memory and impairment of ability to earn money, is misleading, confusing, and authorizes a double recovery for the same injuries. Missouri, K. & T. Ry. v. Hannig, 91 Texas, 350; Galveston, H. & S. A. Ry. v. Porfert, 72 Texas, 353; Texas Cent. Ry. v. Brock, 88 Texas, 310; St. Louis & S. W. Ry. v. Smith, 63 S. W. Rep., 1064; Texas Brewing Co. v. Dickey, 49 S. W. Rep., 935.

The pleadings of the parties have raised the issue of negligence on the part of defendant's conductor and contributory negligence on the part of the plaintiff, and, there being proof upon the issues thus raised,

it was the duty of the court to submit the issues of negligence and contributory negligence under an appropriate charge; and, when this was not done, it was reversible error in the court to refuse special charges covering such issues. Jones v. George, 61 Texas, 346; Johnson v. Gulf, C. & S. F. Ry., 21 S. W. Rep., 274; Texas & P. Ry. v. Bigham, 90 Texas, 223; Gonzales v. City of Galveston, 84 Texas, 7; Milwaukee, etc., Ry. v. Kellogg, 94 U. S., 475; St. Louis & S. W. Ry. v. Ball, 66 S. W. Rep., 881; Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635.

Where the pleadings and evidence raise the issue of contributory negligence on the part of the plaintiff, it is reversible error to refuse special charge affirmatively stating defendant's special defense of contributory negligence. St. Louis & S. F. Ry. v. Traweek, 84 Texas, 73; Missouri, K. & T. Ry. v. Miller, 27 S. W. Rep., 905; Galveston, H. & S. A. Ry. v. Castillo, 83 S. W. Rep., 25; Missouri, K. & T. Ry. v. Renfro, 83 S. W. Rep., 21.

Where the answers to cross interrogatories are evasive, not responsive and not fully answered, the deposition of the witness should be quashed, and it is reversible error for the court to admit such depositions as evidence. Davis v. McCartney, 64 Texas, 587; Texas & N. O. Ry. v. Crowder, 70 Texas, 224; New York, T. & M. Ry. v. Green, 90 Texas, 263; Houston & T. C. Ry. v. Shirley, 54 Texas, 125.

It is reversible error for the court to allow a witness to testify to his belief in certain material facts, instead of testifying to the facts in issue.

In a suit brought by a party, in which he claims that the injuries received affected his mind by weakening his memory, it is reversible error for the court to refuse to allow the defendant to show the condition of his mind and memory prior to the time of the alleged injury. Galveston, H. &. S. A. Ry. Co. v. Porfert, 20 S. W. Rep., 871; International & G. N. Ry. v. Dyer, 76 Texas, 156.

*W. P. Finley,* for appellee.—In an action brought to recover damages for personal injuries, and the testimony is uncontradicted that the plaintiff was injured, it is proper for the court, in its charge, to treat that fact as an established fact. Fort Worth & R. G. Ry. Co. v. Bowen, 95 Texas, 366; International & G. N. Ry. Co. v. Stewart, 57 Texas, 166; Fort Worth & N. O. Ry. Co. v. Pearce, 75 Texas, 281.

The allegations of the petition, and the evidence introduced, are without contradiction that the appellee was in a position of peril. Under such conditions, our Supreme Court has approved the charge in question. Fort Worth & R. G. Ry. Co. v. Bowen, 95 Texas, 366; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; International & G. N. Ry. Co. v. Dalwigh, 48 S. W. Rep., 528.

In personal injury suits, with regard to pecuniary compensation awarded to an injured party, the jury may take into consideration physical pain, mental suffering, impairment of nervous system, impairment of memory and impairment of ability to earn money, and there is not presented the question of a double recovery for the same injuries. Gulf, C. & S. F. Ry. Co. v. Warner, 22 Texas Civ. App., 167; Houston & T. C. Ry. Co. v. Boehm, 57 Texas, 152; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 344; Houston & G. N. Ry. Co. v. Randall, 50 Texas, 261.

The appellee's case being exclusively based upon the allegations that the appellee was in a position of peril, and that the appellant, its agents and servants, discovered and saw his perilous position in time to have prevented injury to him, by the use of the means and agencies then at hand, the defense of contributory negligence is not available to the appellant. Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Fort Worth & R. G. Ry. Co. v. Bowen, 95 Texas, 366.

The witness practically answered the cross-interrogatories, and it is clear that he did not intentionally evade any of them. Taking all of his deposition together, each of the cross-questions is fully answered. Under such conditions a deposition will not be quashed. Cohen v. Oliver, 9 Texas Civ. App., 38.

Simply prejudicial matter, calculated to influence adversely the appellee's case in the minds of the jury, is not the proper and legal way to test the condition of appellee's mind and memory prior to the time of the injury alleged, and especially is this true where the appellant had, as in this case, fair opportunities for testing the appellee's mind and memory in connection with proper subjects of investigation.

EIDSON, Associate Justice.—This was an action brought by the appellee for damages for personal injuries, alleged to have been caused by the negligence of appellant, its agents and servants. Appellant answered by general denial, and pleaded contributory negligence upon the part of appellee. The trial resulted in a verdict and judgment for appellee in the sum of $2,000.

Appellant's first assignment of error, and propositions thereunder, complain of the charge of the court upon the grounds that it assumed that appellee was injured, and that he was in a dangerous position at the time of such injury. It appears from the record that the court, in its charge, did assume these facts, but there was no error in this action of the court, as the uncontroverted evidence, according to the record, shows that appellee was injured, and that, at the time he was injured, he was in a position of peril. (International & G. N. Ry. Co. v. Stewart, 57 Texas, 166; Fort Worth & N. O. Ry. Co. v. Pearce, 75 Texas, 281; Fort Worth & R. G. Ry. Co. v. Bowen, 95 Texas, 366; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; International & G. N. Ry. Co. v. Dalwigh, 48 S. W. Rep., 528.)

By its second assignment of error appellant complains of the following paragraph of the main charge of the court, to wit: "If you find that plaintiff is entitled to a verdict, then the amount of your verdict, if any, should be such sum of money as, in your best judgment, with the light of the testimony before you, will be a reasonable pecuniary compensation to plaintiff for all such physical pain, if any, and mental suffering, if any, and impairment of his nervous system, if any, and impairment of his memory, if any, and impairment of his ability to earn money, if any, and expense, if any, incurred by plaintiff for the reasonable value of such services of a physician as it may have been reasonably necessary for him to incur for the treatment of the wound on his head as plaintiff may have sustained as the direct result of the injuries sustained by him in falling off of said car on the 13th of October, 1902."

Appellant's contention is that the charge quoted is misleading, confusing, and authorizes a double recovery for the same injuries. The alleged vice in the charge, according to appellant's contention, arises from the authority given to the jury to allow compensation for impairment of his nervous system and impairment of his memory, in addition to the compensation the jury are authorized to allow appellee on other grounds stated in the charge. We do not think appellant's contention is sound. We are of the opinion that appellee, under his pleadings and the evidence, was entitled to compensation for impairment of his nervous system and memory, independent of and in addition to the compensation he was entitled to upon the other grounds stated in the charge. And, therefore, there was no error in the court's so instructing the jury. (Gulf, C. & S. F. Ry. Co. v. Wagner, 54 S. W. Rep., 1064; Houston & T. C. Ry. Co. v. Boehm, 57 Texas, 152; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 344; Houston & G. N. Ry. Co. v. Randall, 50 Texas, 261.)

Appellant's third, fourth, fifth, sixth, seventh and twenty-second assignments of error relate to the refusal of the court to submit to the jury the question of contributory negligence on the part of appellee as the proximate cause of the injury, and the exclusion of testimony offered by appellant to show such contributory negligence. Appellee's action being predicated solely upon the allegations that he was in a position of peril, and that appellant, its agents and servants discovered his perilous position in time to have prevented injury to him by the exercise of ordinary care, contributory negligence on the part of appellee was not involved or properly an issue in the case, and, therefore, could not be availed of by appellant as a defense. (Railway Co. v. Breadow, supra; Railway Co. v. Bowen, supra.)

There was no error in the action of the court complained of in appellant's twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth assignments of error. The answers of the witness to the cross-interrogatories mentioned in these assignments are not subject to the objections interposed to them by appellant. They were practically responsive to the interrogatories, and were as positive and complete as was practicable, in view of the witness's knowledge and information relative to the matters inquired about as gathered from the entire deposition; and the deposition, when considered in its entirety, furnishes appellant with the information desired to be elicited by the cross-interrogatories, the answers to which it claims were evasive and not responsive; and, therefore, the action of the court complained of was not error. (Cohen v. Oliver, 9 Texas Civ. App., 38, 39.)

We overrule appellant's twentieth assignment of error. The witness whose answers are complained of, while using the word "believe" in answering the interrogatories, evidently was testifying according to his best recollection, and such testimony was admissible.

Appellant's twenty-fifth assignment of error is as follows: "The court erred in excluding the testimony of the witness Mrs. Jessie Vesta Lytle, because the testimony was material and relevant, and in contradiction of plaintiff's testimony on material issues in this case, and was not an attempt to impeach plaintiff on collateral matters." And its proposition thereunder is as follows: "In a suit brought by a party, in which he

claims that the injuries received affected his mind by weakening his memory, it is reversible error for the court to refuse to allow the defendant to show the condition of his mind and memory prior to the time of the alleged injury."

The only allegation in appellee's petition which charges that his mind was affected as a result of the injuries received by him, is the allegation that the cut on his head affected his mind by weakening his memory, and this allegation does not charge that his mind was affected in any respect except as to his memory, and that was alleged to have been weakened. From appellant's bill of exceptions, upon which this assignment is based, it appears that it sought to prove by the witness Mrs. Jessie Vesta Lytle as follows:

"That on Sunday, August 24, 1902, she was a passenger on one of defendant's cars; that said witness knew plaintiff, J. K. Yates; that on the afternoon of that day witness got on an eastbound car at Arlington, and handed the conductor, Mr. Yates, her transportation, which was a request in writing, 'given me by the conductor that carried me past Stop 17, and told him that I had been carried by Stop 17, and wanted to get off there. He did not say anything else to me until we got to Stop 17, and I started to get off, but the car had passed the stop seventy-five or one hundred yards, and when I got to the bottom step of the car I found there was no one to meet me, and told Mr. Yates I would not get off, but would go on to Dallas. He told me to either get off or get on the car. The car at this time was out in the middle of a field, seventy-five or one hundred yards from the stop, and it was dark. I went back in the car, and he asked me for my fare to Dallas. I told him I had paid my fare to Stop 17, and that the car had failed to stop, and I thought he ought to take me to Dallas, as I had no one to meet me at Stop 17 at that time of night. He then left me, but came back in a short while and again asked me for my fare, and told me if I did not pay it he would stop the car and put me off. He again threatened to put me off, and I appealed to the motorman in the car, and he told me that he would see that Mr. Yates did not put me off. While I was talking to the motorman, Mr. Yates came to me and caught hold of my arm, and ordered me back to my seat, and said that he (Mr. Yates) was running that car. I started to go back to my seat, and the motorman told me that he should not put me off. Mr. Yates told the motorman that it was none of his God damn business. The motorman told him that he would stop at the first telephone station and talk to headquarters for instructions, which they did, and both of them got off of the car, and the motorman came back to me with Mr. Yates and told me to stay on the car, which I did. He was exceedingly rough when he first demanded my fare after he had passed Stop 17, and he was angry all the time while talking to me, and then he cursed while he was talking to the motorman, and for some time previous he had been very rough with me. I was worried and harrassed and humiliated and mortified and embarrassed greatly, and can't say how long. I sued the company and the case was settled by them paying me $300.'"

There is nothing in this bill of exceptions, when considered by itself to show the relevancy or materiality of this testimony; and, thus considered, it clearly appears to relate to a collateral matter. There is

nothing in it tending to show that appellee's memory was not weakened by the injury; it does not tend to show that he has a good memory now, or that he had a defective memory prior to the injury. It does show that he acted discourteously, rudely, inconsiderately and very harshly towards this lady, but such conduct does not necessarily proceed from a defective memory. When the evidence in the statement of facts would explain or show the relevancy and materiality of the evidence embraced in the bill of exceptions, it would be sufficient for the bill to refer to such evidence as it appears in the statement of facts, without setting it out; but if there is any evidence in the statement of facts which would explain or show the relevancy or materiality of the testimony set out in the bill of exceptions, the bill makes no reference thereto. (Sayles' Rev. Stats., art. 1362.) If, however, we are permitted to look to the statement of facts for such evidence without a reference thereto in the bill of exceptions, which is not conceded, an examination of the statement of facts does not, in our opinion, disclose any evidence showing the relevancy or materiality of the testimony sought to be introduced by appellant. The only matter embraced in the statement of facts claimed by appellant to in any wise tend to show the relevancy or materiality of the testimony excluded, is contained in the following answers of appellee and question propounded to him on cross-examination:

"They have printed rules and regulations with reference to the management of the business. I had one of the books. I should think I was familiar with those rules at the time. I tried to learn them as I was working for the company, and should think I probably familiarized myself with them. I suppose at that time I was familiar with the rule of the company in reference to the ejection of passengers. I can't say now what that rule was.

"Question: Now to refresh your memory, wasn't it that you should treat passengers in a courteous manner, and not have any disturbances with them, or any trouble with them on the car?

"Answer: Well, any gentleman would be courteous, you know. I had no trouble with my passengers that I know of. I don't remember having what you would call trouble with a young lady by the name of Miss Potts. I had some difference with a young lady on my car. The best I can remember, she got on the car and wanted to get off at a certain place, and there was no one there to meet her, and it was night and she said she would go to Dallas, and refused to pay her fare from there on. I insisted on her paying her fare, is all. I did not talk a little raw to her. I did not swear in her presence or at her, or swear at the motorman in her presence. I did not call her a dead beat, or tell her I would throw her off of the car in the dark, and did not make the young lady cry, and call for protection from the passengers on that car, and tell her I would throw her off of the car. I did not know that the young lady filed suit against the company for my conduct toward the young woman. I swear that the above things enumerated did not happen on my car. I told the young lady unless she paid her fare she would have to get off at Grand Prairie."

Appellee's objections to the testimony sought to be introduced by appellant of the witness above named were that said testimony was

irrelevant and immaterial and was an attempt to impeach the witness, appellee, upon collateral matters concerning which the appellant by its questions and the answers of appellee, was concluded and barred, and that said testimony was an attempt to introduce into the case prejudicial matters, which were calculated to injure the appellee's case before the jury, and that the exclusion of said testimony in no manner interfered with the proper and legitimate examination as to the party's mental capacity; and further, that the court had already sustained an exception to the cross-action of the appellant, which involved the same state of facts. Appellant contends in its argument under this assignment that it appears from appellee's testimony above quoted that he knew what the rule of appellant was in reference to the ejection of passengers from its cars at the time he was working as conductor, and that said rule was that passengers should be treated in a courteous manner, if it became necessary to eject such passengers from the car. It will be observed that while appellee testified that at the time he was conductor, he supposed he was familiar with the rules of the company in reference to the ejection of passengers, he testifies that he at the time of testifying could not say what the rule was, and in answer to the question intended to refresh his memory on the point, he does not say that he then knew what the rule was. Hence, there is no proof in the record to show what the rule was. If the proof had shown that the rule required conductors to treat passengers, under the circumstances mentioned, courteously, it is possible that a part of the testimony excluded might have been admissible as tending to show that he had forgotten his duty, as required by the rules, and thus been relevant on the question as to the injury weakening his memory; because if he had a defective memory prior to the injury, it would be a circumstance which the jury might consider in determining whether his memory was impaired by the injury at all. But when the character of testimony excluded is considered, it is a matter of great speculation whether it tended to show defective memory in any degree. It does show a harsh, inconsiderate and ungentlemanly disposition upon the part of appellee.

It is further to be observed that the appellee was interrogated about his conduct towards and treatment of a Miss Potts; and there is nothing in the record or bill of exceptions tending to show that she and the person whose testimony was excluded were the same person. If we consider the identity of Miss Potts and Mrs. Lytle to be shown, this testimony, in connection with that quoted of appellee, would tend equally as much to show defective memory at the time of trial as a desire to tell those matters favorable to him, and omit those unfavorable to him, and to that extent, would have been unfavorable to appellant. It appears from the record that appellant was given great latitude in the introduction of evidence tending to negative impairment of appellee's memory, as a result of the injury. As stated in Gulf, C. & S. F. Ry. Co. v. Johnson, 12 Texas Ct. Rep., 76, by Chief Justice Fisher, quoting from San Antonio & A. P. Ry. Co. v. Lester, 11 Ct. Rep., 817: "It is the rule in Texas, established by a long line of decisions, that a bill of exceptions should state the facts in regard to the matter of which complaint is made in such a manner as to exclude any reasonable hypothesis upon which the decision of the trial court can be explained.

Every point in the bill of exceptions must be so clear and full that nothing will be left to inference or implication." Following this rule, and in view of the suggestions above mentioned, we conclude that there was no reversible error in the action of the court of which complaint is made in this assignment.

The verdict of the jury is supported by the evidence, and is not excessive in amount.

All assignments of error are overruled, and the judgment of the court below is affirmed.

*Affirmed.*