**TEXAS & P. RY. CO. v. JENKINS et al.**
No. 3816.

Court of Civil Appeals of Texas. Texarkana.
March 6, 1930.

Rehearing Denied March 20, 1930.

Jones & Jones, of Mineola, and Gentry & Gray, of Tyler, for appellant.

Edwards & Hughes, of Tyler, and Perkins & Perkins, of Rusk, for appellees.

LEVY, J. (after stating the case as above).

Error is predicated upon the refusal of the trial court to give the requested instructed verdict, upon the ground, as claimed, that the deceased "was guilty of contributory negligence" which would defeat the plaintiff's recovery. It is argued that, according to the undisputed evidence, "William Bridwell drove his truck upon the railroad track without stopping said truck or alighting from same to ascertain whether or not the engine was approaching the crossing," and because of such fact the court should have held as a pure matter of law that he was guilty of contributory negligence proximately causing his death. It is undisputed that the deceased stopped his truck at the side track until the freight train had passed the crossing. He started his truck to moving after the caboose of the freight train had passed the crossing, and the engine following the freight train struck the truck. The point made by the appellant is based upon the contention that the facts bring the present case within the case of Ry. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and that such case would control because the line of the appellant's company is an instrument of commerce and the company is engaged in interstate as well as intrastate business. There is no proof nor claim that the engine itself which struck and killed the deceased was in any way employed in interstate commerce at the time. In view of this latter fact, the Goodman Case would not be controlling instead of decisions of the courts of this state. The rule in this state would not authorize the court, under the circumstances, to hold that the deceased was

308

guilty of negligence as a matter of pure law. Boyd v. Ry. Co., 101 Tex. 411, 108 S. W. 813; Trochta v. Ry. Co. (Tex. Com. App.) 218 S. W. 1038. Assuming, for the moment, the fact to be that the appellant is an interstate line and does interstate business, nevertheless we think there was no error in refusing the peremptory instruction, in view of the pleading· and the particular evidence of the case. The Goodman Case is discussed and distinguished in the case of Ry. Co. v. Waid, 278 U. S. 629, 49 S. Ct. 29, 73 L. Ed. 547; Id. (C. C. A.) 25 F.(2d) 366, and in which certiorari was refused by the United States Supreme Court. There it was decided that, under the circumstances proven, an automobile driver, although struck by a train at a crossing, could not be held guilty of contributory negligence as a pure matter of law. In the present case, as in the Waid Case, supra, whether the deceased was guilty of contributory negligence, or not was a question to be passed to the jury for decision, as there was room for reasonable persons to. differ and have doubt thereof, considering all the circumstances in the case. However, the Goodman Case may not be regarded as at all events controlling the case, because there is another phase of the case at bar pleaded as an additional ground of recovery that makes inapplicable the theory that the contributory negligence of deceased would defeat plaintiff's recovery. It is that phase of the case which we think presents the chief and conclusive legal reason, even assuming that the proof shows the company to be a federal agency, why we cannot hold that there was error in refusing the peremptory instruction on the ground of contributory negligence. It was pleaded that the operatives of the engine discovered the deceased at or upon the track and realized his peril of being injured by the engine, and negligently failed to exercise reasonable care to avoid injuring him after discovering his exposed position. This is the recognized law, commonly known as "discovered peril" or "discovered negligence," where liability results, notwithstanding any contributory negligence on the part of the injured person. 2 Thompson on Neg., Chap. 55, p. 434; Ry. Co. v. Weisen, 65 Tex. 443; Ry. Co. v. Matula, 79 Tex. 577, 15 S. W. 573; Ry. Co. v. Bowen, 95 Tex. 364, 67 S. W. 408. Also the doctrine of the "last clear chance." 3 Labatt on Master and Servant, § 1241. The trial court recognized this rule of law and instructed the jury accordingly. The jury found in favor of the plaintiff upon the issue, and, as their finding is not challenged, we must take the fact as conclusively established by the verdict. This finding of fact upon discovered peril of itself and by itself would support the judgment of liability on the part of appellant. Therefore the appellant's assignment of error is overruled.

 It is next urged that the amount of damages as found by the jury is excessive. The deceased was nineteen years old at the time of his death, and he was strong and healthy. There is evidence going to show that he was very much attached to his mother. While there is evidence warranting a finding of a sum less than the jury concluded should be awarded, yet in all the evidence the appellate court cannot say that the amount as awarded by the jury was so large as to amount to an excessive sum of recovery There is no fact or circumstance indicating that the jury were actuated by an improper motive in fixing the amount stated in the verdict, and such amount is not greater than approved in other cases upon evidence not unlike that of the present case.

The judgment is affirmed.