## THE STATE v. N. B. EVANS.

1—The liability of sureties is matter of strict law, and can not be extended by implication or intendment.

2—It was error for the court below, in deciding a demurrer to the petition, to determine on the admissibility of the plaintiff's evidence, which was a matter not presented by the demurrer.

APPEAL from Karnes. Tried below before the Hon. J. B. Carpenter.

The opinion of the court sufficiently discloses the facts.

*E. B. Turner*, Attorney General, for the State.

*S. G. Newton*, for the appellee.

WALKER, J.—This suit was brought at the Spring term of the District Court in 1868, against the defendant in error, and one E. A. Mayfield, L. D. Cook and W. H. Mayfield. It is alleged in the petition that the defendant in error, Evans, was appointed assessor and collector of Karnes county, on the 1st day of September, 1865, and that on the 1st day of August, 1866, he was a defaulter to the State in the sum of $1319$\frac{87}{100}$. Suit was brought on the official bond of Evans.

Neither Evans nor his securities had used seals or scrawls to the bond, and the petition was demurred to on this account.

Evans also plead in denial of all the material allegations in the petition.

Evans further plead, as a defense to the action, that after his appointment as assessor and collector, he had appointed Samuel J. Davis his deputy; that Davis accepted the office of deputy on the 14th day of July, 1866, entered upon the discharge of his duties as such, and gave a bond for the faithful discharge of his duties, with John Kuhnel, J. C. Barfield and W. G. Butler for securities.

On motion the suit was dismissed as to Davis and his securities.

It would appear from the record that it was the intention of the plaintiff to offer, in evidence of the defendant's indebtedness, a copy of the account current between Evans as assessor and collector and the comptroller of public accounts; and it would further seem that upon a general demurrer to the petition, raising only the question of its legal sufficiency, the court below went so far as to decide the account current to be inadmissible in evidence, and sustained the demurrer to the petition generally.

On the 24th of November, 1868, the plaintiff filed an amended petition against Evans, setting up substantially the same cause of action, but counting as in *indebitatus assumpsit*, and dismissed his action as to Evans' securities, (for what reason it is difficult for the court to determine.)

A demurrer was interposed to the amended petition, which was sustained by the court, a judgment given for the defendant, and from it this appeal is taken.

The liability of securities is matter of strict law, and can not be extended by implication or intendment. The plaintiff saw proper dismiss his action against them, and we do not therefore, be called upon now to determine the question whether the securities of Evans upon his official bond (which they signed without seals) are liable or not. This court has already settled that question.

But in assuming to determine upon general demurrer to the

petition, the admissibility of evidence, which was matter not then in question, we think there was error, and for this cause the judgment is reversed, and remanded for further proceedings.

Reversed and remanded.