INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.

J. B. HALL.

No. 3124.

**1. Costs.** — When judgment is rendered in favor of part of the defendants they should recover costs of the plaintiff.

**2. Care by Railway for Safety of Employes—Repair Yards.**—It is the duty of a railway company to establish regulations by which its servants moving cars upon repair tracks may be advised of the position of other employes who may be engaged at work in the repair yards, and who may be injured by the running of the cars so placed upon the tracks; and also to provide means by which those working in the yard may know of the approach of cars upon the tracks in the yard. See example.

**3. Same—Practice.**—Whether or not such regulations for the safety of the employes at work in the repair yards were provided is a question for the jury.

**4. Verdict Excessive.**—See facts where a verdict for $6000 was held excessive. The injury was breaking one of the bones of the right arm.

APPEAL from Anderson. Tried below before Hon. F. A. Williams. The opinion states the case.

*Gould & Camp,* for appellant.— 1. When the company has exercised reasonable care in making proper rules for the safety of its employes, this is all that is required; and if the rules and regulations of the company required switches on repair tracks to be kept locked, and the switchman carried the key, and it was his duty to let engines in on repair track and to notify employes working on repair track of the approach of the engines, and he failed to give necessary warning, the company would not be liable for an injury received by one of its employes from such failure. Dallas v. Railway, 61 Texas, 196.

2. If appellee knew that the rules and signals in use by the company for the protection of its employes were imperfect or insufficient, or the company had no established rules, and he remained in its service without complaint, he assumed the risk incident to his employment and can not recover. Railway v. Lemp, 11 Am. and Eng. Ry. Cases, 201; Rush v. Railway, 28 Am. and Eng. Ry. Cases, 485; Railway v. Watts, 63 Texas, 549.

3.   The judgment is excessive.   Railway v. Ware, 27 Am. and Eng.
Ry. Cases, 206.

*Gregg & Reeves*, for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was commenced by appellee
against the railroad company to recover damages.

By an amended petition plaintiff alleged the appointment of receivers
of the property of the corporation subsequent to the institution of the
suit, and prayed that they be made parties defendant.

The plaintiff testified that he was employed by the railroad company as
a carpenter for about three months before the date of his injury; that he
was standing between two cars which were standing about three feet apart;
that the two cars were pushed together, catching him between them and
breaking the larger bone of his right arm about three inches from his elbow.
There were a number of other cars both before and behind plaintiff, en-
tirely obstructing his view.   He was engaged in repairing the car at which
he was standing, which was on a track devoted to the use of repairing cars
in the yard of the defendant at Palestine.   There were a number of other
tracks in the same yard, over which trains were continually passing and
making much noise.   Plaintiff was working at the time under the direc-
tion of a foreman.

Plaintiff testified that he had never before taking employment on the
defendant's railroad worked for a railroad, and that he knew nothing
about their means of management, and supposed that the company would
protect him in its own way; that before that time when other cars came
in to be repaired somebody would give an alarm by calling upon those
exposed to "look out;" that he heard no warning at the time of his injury.

The collision was brought about through the act of putting another
car on the repair track by the use of an engine, which caused it to come
into violent collision with the cars standing in front of plaintiff and
backed them against those in his rear.

A number of witnesses for the plaintiff testified that they were at the
time of the injury and had been previously thereto engaged in working
for the defendant company at the same place, and that they knew of no
rule for giving notice to workmen of their danger when other cars were
put upon the repair track; that the only notice ever given was by some
person calling out to those who were in a perilous situation to "look out;"
that they heard no notice of any kind given on the occasion when plaintiff
was injured.

The defendant's master car builder testified that the defendant did have
rules to protect the men at work against danger from incoming trains;
that the company kept flags for the men to use on the repair tracks, and
that it was the duty of the switchman or the fireman of the engine to call

out to the men on the repair track whenever an engine came in; that the switch leading to the repair track was always kept locked and the switchman carried the key.

The switchman testified that it was his duty to notify the men at work when the engine went on to the repair tracks; that he did not see any one at work on the occasion when plaintiff was hurt, but that he called out "look out" when the engine went on the track.

The evidence tends strongly to show that the noise surrounding plaintiff and his situation was such as to prevent his hearing a signal so given.

The physician who treated plaintiff testified that "the larger of the two bones of his right forearm was broken by being pushed outwardly, about two or three inches from his elbow; that the ends of the bones are not in apposition; that one end laps over the other, causing a protruberance and making that arm about one-half inch shorter than the other one; that the larger and smaller bones of his right arm at the point of injury have grown together, making rotation of the arm and hand difficult; that for this reason plaintiff can not turn the palm of his hand up without pushing the elbow inwards, and that the act causes the leaders in his hand to draw his fingers; that the usefulness of his arm is largely destroyed, that the arm is weaker than before and will remain in its present condition, and that he can never use his hand with the former ease and facility."

Plaintiff testified "that the injured arm was then weaker than the other, while before it was injured it was stronger; that he could not then lift much of anything straight up over his head or at right angles with his body, but that he could pull straight up nearly as much as he could before his injury; that for four or five months subsequent to his injury he was not able to do anything; that he was making $2.50 per day before he began to work for defendant, and that he got from the defendant $2; that he took the smaller sum for the sake of getting steady employment; that when he has worked since his injury he has received $2.25 per day."

A judgment was rendered on the verdict of a jury in favor of plaintiff and against the railroad corporation for the sum of $6000, and discharging the receivers.

The appellant complains of the judgment against it for the costs occasioned by making the receivers parties. As they were made parties at the instance of plaintiff, the extra cost occasioned thereby should have been paid by plaintiff.

The court charged the jury as follows:

"It is a duty resting upon railroad companies, for the protection of their employes, to adopt reasonable rules, regulations, or methods for conducting their business, such as will if properly pursued and carried into effect afford a reasonable degree of safety to its employes while engaged in the discharge of their duties against extraordinary or unnecessary dangers. When the company has done this it is not responsible for an in-

jury that may happen to one of its employes by the failure of another to properly discharge a duty resting upon him under such usages, etc. The company is not held, however, to insure the safety of its employes, but only to exercise reasonable care and foresight in so providing rules or usages for the doing of its business as to afford reasonable means of protection against unnecessary or unreasonable dangers.

"Therefore, if you should find that plaintiff was injured while in defendant's employment, and that defendant had failed to exercise reasonable care and foresight in establishing regulations or methods for the protection of its employes engaged as plaintiff was, and had omitted to provide such reasonable means of protection as is above defined, and that by reason of such omission plaintiff received his injury, and would not have received it but for such failure of duty on defendant's part, then you will find for plaintiff, unless he is precluded by his own negligence from recovering. But if defendant had established or provided such reasonable rules, regulations, etc., plaintiff can not recover, though he may have been hurt through failure of one or more of his fellow servants to do what was required of him or them under the rules of that business. In other words, if defendant's established methods of management of that branch of its business were reasonably sufficient, had its employes observed and followed them, to have afforded defendant reasonable protection against the danger he incurred when working on the repair track, defendant would not be liable whether its other employes did their duty or not.

"The man Williams, the switchman, and those with the engine were fellow servants of plaintiff, and defendant is not responsible to plaintiff for their negligence, if any on their part is shown.

"Again, though it should appear that defendant had failed to perform the duty above defined, and that as a consequence its employes engaged as plaintiff was were left unprotected and exposed to danger, still if it should also appear that plaintiff knew this, or by the use of ordinary care might have known it, and still continued in the employment exposed to such danger, he could not recover. He would be required to exercise ordinary care for his own protection. So if plaintiff received notice of his danger in time to have escaped he can not recover, whether defendant was guilty of negligence or not."

We approve of this charge. It was the duty of the defendant to establish regulations which would have advised its servants who were engaged in moving cars on to the track where plaintiff was at work of his position, and it should also have provided adequate means of warning him of the approach of danger. Railway v. Watts, 63 Texas, 552; Railway v. Watts, 64 Texas, 568; Railway v. Smith, 76 Texas, 618; Wall v. Railway, 4 Law Rev., 38.

Whether or not that was done was a question for the jury to ascertain

·from the evidence.    There was evidence on that issue sufficient to support the verdict.

We think, however, that the verdict was for an excessive amount and that it is in that respect unsupported by the evidence, and for that reason we reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered November 25, 1890.