Texas and Pacific Railway Company et al. v. Scoggin and Brown.

Decided November 10, 1905. ·

1.—Shipment of Cattle—Connecting Carrier—Transfer Company.

The delivery by a carrier of a shipment of cattle to a belt line or transfer company is not a delivery to a connecting carrier when such belt line or transfer company is the agency selected by the initial carrier to make the delivery to the connecting carrier.

2.—Issue—No Evidence—Charge.

It is error for the court to submit to the jury an issue on which there is no evidence.

3.—Charge—Conflicting Testimony.

When the evidence was conflicting as to the cause of delay in the transfer of cattle from one carrier to another, the question being one of fact, should have been submitted to the jury.

4.—Damage to Shipment—Presumption Against Last Carrier—Evidence to Contrary.

The presumption that injury to a shipment of goods or stock occurred while the same was in the hands of the last carrier has no application in a case when the shipper accompanies the shipment. Nor will the presumption prevail against evidence to the contrary.

5.—Depositions—Waiver of Formalities.

Where in the taking of depositions certain formalities required by law are waived by counsel a motion to quash said depositions because of the want of such formalities is properly overruled.

6.—Connecting Carrier—Acceptance of Shipment—Charge.

Exactly when a connecting carrier received a shipment of cattle being a question of fact under the circumstances of this case it would have been error for the court to charge that executing the contract of shipment constituted such receipt. But the assumption of control of said cattle by such carrier would operate as a delivery.

7.—Making Parties—Agent.

Where a belt line or transfer company is the agent of connecting carriers for the purpose of transferring stock from one line to the other, such agent is not a necessary party to a suit by a shipper against said carriers for damages in handling said stock.

8.—Telegram—Harmless Error—Res Gestae.

Where the yardmaster of defendant companies saw and acted on a telegram from the dispatcher to the local agent such telegram became a part of the res gestae, and the admission of evidence as to its contents without proof of the authority of the dispatcher to act in the premises would be harmless error.

9.—Delay in Transportation—Pertinent Proof.

The testimony of a shipper that his cattle, which started in the same train with plaintiff's, reached the same destination first, was permissible on the issue of negligence in transporting.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant, T. & P. Ry. Co.

*Whitaker & Gibbs,* for appellants, M., K. & T. Ry. Co., and M., K. & T. Ry. Co., of Texas.

No briefs for appellee.

SPEER, ASSOCIATE JUSTICE.—Scoggin & Brown, a firm, shipped two hundred and two cows from Colorado, Texas, to East St. Louis, Illinois, over the lines of the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas and Texas Railway Company, and later sued these companies for damages because of negligence in their transportation. The plaintiffs recovered judgment against all of the defendants, who have appealed.

The complaint with reference to the seventh paragraph of the court's charge defining the measure of damages appears to be based upon a misconception of the wording of the charge as found in the transcript, but if not, and the charge is, as contended, unintelligible by reason of an omission of necessary words, the same may be corrected upon another trial, since the case must be reversed for errors hereinafter discussed.

Under the facts of this case we fail to see that there was error in instructing the jury that the Belt Railway Company of Fort Worth was not a connecting carrier, and that a delivery of the cattle by the Texas & Pacific to such Belt Railway would not be a delivery to the next connecting carrier, since this Belt Railway appears to have been the agency selected by the Texas & Pacific Company to deliver the cattle at the Union Stock Yards, where cattle intended for further transportation over the lines of the two M., K. & T. railway companies are always delivered.

We fail to find any justification, however, for special charge No. 4 given at the instance of the M., K. & T. Railway Company, which is as follows: "If you find from the evidence, gentlemen, that any damages resulting by reason of said cattle being fed at Fort Worth, then and in that event the T. & P. Railway Company is responsible for same." We fail to find any evidence whatever that the cattle were damaged by being fed at Fort Worth, and the charge therefore submitted an issue not properly in the case. If it was intended by the charge to cover the question of delay incident to the feeding at Fort Worth, the same would yet be improper inasmuch as the question of liability would be one of fact for the jury, dependent upon the time of delivery to and acceptance by the M., K. & T. Railway Company of Texas, and there seems to have been considerable controversy upon this question of delivery. For the error in giving this charge the cause will be reversed as to the Texas & Pacific Railway Company and for the error in giving special charge No. 1 requested by the Texas & Pacific Railway Company the cause will be reversed as to the other appellants. Special charge No. 1 is as follows: "Gentlemen of the jury, if you find from the testimony that the plaintiffs' cattle were injured in route from Colorado, Texas, to their destination, but can not determine upon what line of railway such injuries, if any, occurred, then you are charged that the last carrier handling such cattle is presumed to have caused said in-

juries, if any, and is liable for whatever damage, if any, which were caused by said injuries, if any." In the first place, this is not a correct proposition of law as applied to this case. The presumption of negligence so often applied as against the last carrier who delivers goods or stock in an injured condition, grows out of the conception that the carrier who has had the exclusive control of the property in route is in a better position to explain where and how the injuries occurred than the owner who has no means or opportunity of knowing. But where, as here, the shipper himself accompanies the stock to market, the reason upon which the rule is based does not exist and the rule itself has no application. And again, if the principle were applicable to this case, the charge is yet erroneous, in that the last carrier handling the cattle is thereby made liable for injuries which are shown to have occurred on the lines of the other carriers. If the jury are unable to determine upon which of the other carriers to place the burden,—that is, if the cattle were injured by being delayed in the stockyards at Fort Worth and the jury are unable to tell whether the liability rests upon the Texas & Pacific Company or the M., K. & T. Railway Company of Texas, then they are to charge the same to the last, or the M., K. & T. Company, which of course can not be the law.

In view of another trial we will notice briefly some of the remaining assignments of the M., K. & T. Railway Companies. The question of quashing the citation ceases to be an issue in the case by reason of the reversal and will not be discussed. The court ruled properly upon the motion to quash the depositions of the witness Claude Kelly, because they appear to have been returned in the only way they could have been returned under the agreement of counsel, as shown by the court's explanation to the bill of exceptions.

The question of when the cattle were received from the Texas & Pacific Company by the M., K. & T. Railway Company of Texas, being one of fact to be found by the jury under all the circumstances, the court correctly refused to charge that executing the contract of shipment by the M., K. & T. Railway Company of Texas would not constitute a receipt of such cattle. This would be to single out a part of the testimony and charge upon its weight. There was no error however in charging that if the M., K. & T. Railway Company of Texas assumed control of plaintiffs' cattle at the stockyards, such assumption would operate as a delivery of the cattle to said railway, because such would necessarily be true.

We fail to see that appellants had any right to join the Fort Worth Belt Railway Company as a party defendant in the action below. The Belt Company appears from the undisputed evidence to have been the agent of the lines connected with this shipment for their mutual convenience at Fort Worth, and if it is liable to them they have their action against it. Special charge No. 1 requested by these appellants appears to have been given almost literally in the first paragraph of the court's charge.

There was no error in permitting the witness Morrison to testify that the local agent of the M., K. & T. Railway Company at Parsons, Kansas, sent a telegram to the chief dispatcher of that company at Sedalia, Missouri, in regard to moving the cattle from that place with-

out unloading, and that the chief dispatcher answered and instructed the local agent at that place not to move said cattle without unloading unless a train of certain tonnage could be made up. It is objected to this testimony that the agent at Parsons, Kansas, and the supposed dispatcher were not shown to have been authorized to act in the premises. But in truth the yardmaster of appellants at that place, who undoubtedly did have the business in hand, saw and acted upon this telegram, and it would therefore become a part of the transaction and be admissible as res gestae. So also is the objection to the testimony of the witness Morrison, to the effect that if said cattle had not been delayed at Parsons they would have reached the market on the 15th, untenable. Such fact was pleaded by the appellees, and the want of pleadings to support such testimony was the only objection made.

The testimony of W. A. Johnson that his cattle, which came into Fort Worth in the same train with appellees' cattle, preceded appellees' cattle from Fort Worth to destination, was admissible as bearing upon the issue of negligence in forwarding appellees' cattle.

What we have said disposes of all issues presented and for the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*