Park Gray sued the Texas and New Orleans Railroad Company in the County Court to recover damages to certain horses and mules shipped by him from Vinita, Indian Territory, to Orange, Texas, over the lines of the St. Louis San Francisco Railway, the initial carrier, and connecting carriers. Under the shipment, the defendant company received the car containing the stock from the Kansas City Southern Railway at Beaumont for carriage to Orange. The stock was alleged to have been damaged en route by delay, rough handling and failure to properly rest, feed and water them, due to the negligence of defendant company.
Defendant answered by general demurrer and general denial and specially denied that there was any injury to the stock while in its care and possession, alleging that the stock was only in its possession about five hours and was only carried 23 miles, being the distance from Beaumont to Orange. It was further alleged that by the contract of shipment entered into between the initial carrier, the St. Louis San Francisco Railway Company, and plaintiff, the liability of each carrier was specially limited to its own line.
By supplemental petition plaintiff made the following plea: "He says that if the property for whose damage this suit is brought was at any time during its transportation in the possession of any other road than defendant's, then that a written contract of through shipment was made between plaintiff and the agent of the initial carrier who was also the agent of defendant and defendant was and is a connecting carrier with such initial company and had an arrangement by which each acted as the agent of the other in making contracts of transportation and acted together in transporting such property together with all other intermediate lines, all of whom were connecting carriers and so acted together, and defendant is therefore liable, and of this he puts himself upon the country."
Upon trial with a jury plaintiff had judgment for $650 from which defendant appeals. *Page 210 
The first, second and third assignments of error attack the judgment of the court on the ground that the evidence fails to show any liability on the part of appellant.
The following are the facts as established by the practically undisputed evidence. The live stock in question, consisting of 18 mules and 6 horses, was delivered in good condition to the St. Louis San Francisco Railway Company at Vinita, Indian Territory, on December 20, 1904, for transportation by that line and its connecting carriers to Orange, Texas. One C. W. Thomas, appellee's agent, accompanied the stock for the purpose of looking after them, from Vinita to Orange. They were delivered by the Kansas City Southern Railway, a connecting carrier, to appellant at Beaumont, Texas, at 11 o'clock a. m., on December 25 and left Beaumont on appellant's line at 1:30 p. m. on the same day and were received at Orange at 3 o'clock p. m. on the same day, in a damaged condition. By the terms of the shipping contract or bill of lading issued by the St. Louis 
San Francisco Railway Company, which was introduced in evidence by appellee, it was expressly provided that the initial carrier and each connecting carrier should be responsible only for loss or damage occurring on its own road. The contract provided for carriage by the initial carrier to Neosho, Missouri, and delivery at that point "to a carrier whose line may form a part of the route to Orange."
This being an interstate shipment this contract limiting the liability of each carrier to its own line was a valid contract. (McCarn v. International G. N. Ry., 84 Tex. 353.) Appellee, however, seeks to avoid the force of this limitation in the contract by the fact that the truth of the plea, set out in full in the first part of this opinion, was not denied under oath, and that therefore the allegations thereof must be taken as true. It is contended that this plea charged a partnership between the initial carrier and its connecting lines, including appellant, in the transportation of the property, and that under such contract of partnership, each carrier was liable for any damage to the property whether occurring on its own line or not.
It is alleged in such plea that (1) the agent of the initial carrier was the agent of defendant; (2) that appellant was and is a connecting carrier with such initial company, and had an arrangement by which each acted as the agent of the other in making contracts of transportation; (3) that they acted together in transporting such property together with all intermediate lines, all of whom were connecting carriers.
We do not think this plea charges such partnership between the various lines as would make each responsible for the acts of the others under the contract expressly providing against such liability. (Kessler v. The First Nat. Bank, 21 Texas Civ. App. 100[21 Tex. Civ. App. 100].) The allegations of the plea show nothing more than the ordinary and usual relations between connecting carriers in a contract of shipment over several lines. If the agent of the initial carrier was also the agent of appellant and authorized to bind it by the terms of the contract that fact would not alter the essential terms of the contract which limited appellant's liability to damage on its own line. Allegations of partnership in the cases of Gulf, C. S. F. Ry. Co. v. Edloff (89 Tex. 456) and Mexican Nat. Ry. Co. v. Savage (41 S.W. Rep., 663) are entirely different, *Page 211 
and charge a joint ownership and partnership in the operation of the different lines, in express terms. The language of the plea in International G. N. Ry. Co. v. Tisdale (74 Tex. 17) is not set out in full, and there seems not to have been any question made that it did sufficiently charge a partnership, so that upon this point it is not authority. It is to be noted that in that case there was no provision in the bill of lading limiting the liability of each carrier to its own line. We do not regard the case as in point or as, to any extent, controlling the decision of the present case.
In the case of Gulf, C. S. F. Ry. Co. v. Baird (75 Tex. 256
[75 Tex. 256]), which is very similar to the present case, by the terms of the shipping contract the issuing carrier expressly limited its own liability to damages occurring on its own line, but there was no such express limitation of liability as to the connecting carriers, as in the present case. There was a plea of partnership. Such contract was, however, held to be inconsistent with the holding that the contract was one made by a member of a partnership. If by the failure to deny the special plea under oath its allegations are to be taken as true, together with every reasonable inference deducible therefrom, still the contract itself was introduced in evidence by appellee, and the terms thereof are inconsistent with a holding of partnership between the connecting lines. (Gulf, C. S. F. Ry. Co. v. Looney, 85 Tex. 165; Ft. Worth D.C. Ry. Co. v. Williams, 77 Tex. 121.) Giving appellant the benefit of the clause in the contract limiting its liability to its own line, the evidence utterly fails to show liability. The property was in possession of appellant for only four hours and was transported only 23 miles. There was not only no evidence that it received any injuries while in appellant's possession, but the conclusive effect of the evidence is that it did not. No presumption against appellant arises from the fact that the property, when delivered by it to the shipper was in a damaged condition. Ordinarily such would be the rule, but in the present case an agent of the shipper accompanied the stock all the way from Vinita to Orange. The rule referred to was adopted to meet the necessities of a case where it was not reasonably possible for the shipper to tell just where, when and by which one of successive connecting carriers the damage was inflicted. The actual presence of the shipper's agent with the stock relieved him of this difficulty. Cessante ratione cessat ipsalex. (Texas P. Ry. Co. v. Scoggin, 14 Texas Ct. Rep., 297.)
What we have said renders it unnecessary to pass upon the other assignments of error.
We are of opinion that the judgment of the County Court should be reversed and judgment here rendered for appellant and it is so ordered.
Reversed and rendered. *Page 212