## Texas & Pacific Railway Company v. R. N. Henson.

### Decided June 19, 1909.

#### 1.—Venue—Action against Railroads—Statute Construed.

The character of its business, its equipment and the manner of obtaining compensation for the services rendered by the Ft. Worth Belt Railway Company considered and held to take it out of the class of common carriers referred to in the Act of 1905 (Gen. Laws 1905, p. 29) concerning the venue of suits against corporations.

#### 2.—Same—Statute.

Article 1208, Sayles Civ. Stats., does not authorize the making of a party defendant unless such a party was properly suable in the first place in the county where such suit is pending.

#### 3.—Carrier of Livestock—Duty to Furnish Pens.

It is the duty of a railroad company to furnish suitable and ample facilities for delivering livestock at its terminus.

#### 4.—Evidence—Damage to Cattle.

The testimony of a plaintiff, that his cattle were damaged in a certain amount per head, was not in violation of the rule that a witness can not express an opinion upon a mixed question of law and fact.

**5.—Same—Cases Distinguished.**

Houston & T. C. R. R. Co. v. Roberts, 101 Texas, 418, 50 Texas Civ. App. 69, and Gulf, C. & S. F. Ry. Co. v. Kimble, 49 Texas Civ. App., 622, distinguished.

Appeal from the District Court of Midland County. Tried below before Hon. Jas. L. Shepherd.

*Ed. W. Smith,* for appellant.—The court erred in sustaining and not overruling the plea of privilege of the Fort Worth Belt Railway Company to be sued in Tarrant County (the county of its domicile), because it was shown upon the hearing of said plea of privilege that said Fort Worth Belt Railway Company was a railroad company and a common carrier for hire of live stock and other freight, and as such transported the live stock involved in this suit as a connecting carrier with the Texas & Pacific Railway Company, the original defendant in the suit, it further appearing that the court had venue of this cause of action as against both said railway companies. Art. 1208, Revised Statutes; art. 1194, sec. 23a, Acts 1905, p. 29; International & G. N. Ry. v. Jones, 62 S. W., 1075; United States v. Sioux City Stock Yards Co., 162 Fed. Rep., 556, and authorities cited; United States v. Union Stock Yards Co., 161 Fed. Rep., 919, and authorities cited.

The court erred in admitting in evidence the testimony of R. N. Henson, plaintiff, that the loss in price per head at their destination on such cattle as those involved was $2 or $2.50. Gulf, C. & S. F. Ry. v. Wright, 21 S. W., 80, and authorities cited; Gulf, C. & S. F. Ry. v. Hughes, 31 S. W., 411, and authorities cited; Railway v. Roberts, 108 S. W., 808, 109 S. W., 982; Galveston, H. & S. A. Ry. v. Noelke, 110 S. W., 82; Gulf, C. & S. F. Ry. v. Kimble, 109 S. W., 234.

*A. L. Green* and *Caldwell & Whitaker,* for appellee, R. N. Henson.

*Capps, Cantey, Hanger & Short,* for appellee, Fort Worth Belt Railway Company.—It appearing from the evidence that the Fort Worth Belt Railway Company had no contract or dealing whatsoever with the shipper, did not see his contract, did not share in a proportionate part of the rate charged for the transportation, and did not know the shipper in the transaction, but merely switched the cars at the request of the appellant, and for its convenience, and did not in any way acquiesce in, act upon or recognize the contract made for the shipment, it follows that it was merely the agent of appellant, and was not a connecting carrier, and as such was neither a proper nor necessary party to the suit, and the court did not err in sustaining its plea of privilege. Texas & P. Ry. Co. v. Scoggin & Brown, 90 S. W., 521; Chicago, R. I. & G. Ry. Co. v. Young & Ball, 107 S. W., 127; Texas & P. Ry. Co. v. Scharbauer, 52 S. W., 589; Texas & P. Ry. Co. v. Felker, 90 S. W., 530; Gulf, C. & S. F. Ry. Co. v. Eddins, 26 S. W., 162; Gulf & I. Ry. Co. v. Texas & N. O. Ry. Co., 54 S. W., 1031, 93 Texas, 482; Kentucky & Indiana Bridge Co. v. Louisville & N. R. R. Co., 37 Fed., 567, 2 L. R. A., 289; Western & Atlantic Railroad Company v. Exposition Cotton Mills,

81 Ga., 522, 7 S. E., 916, 2 L. R. A., 102; Elliott on Railroads, 2d ed., sec. 1399; Moore on Carriers, sec. 43; Louisville & N. Ry. Co. v. Farmers & Drovers Live Stock Commission Company, 52 S. W., 972.

SPEER, ASSOCIATE JUSTICE.—R. N. Henson sued the Texas & Pacific Railway Company to recover nineteen hundred and seventy-five dollars damages for negligence in handling a shipment of cattle from Stanton to North Fort Worth. The defendant answered and impleaded the Fort Worth Belt Railway Company. This latter company, after being cited, filed its plea of privilege to be sued in Tarrant County, the county of its domicile, which plea was heard on its merits and sustained by the court. There was a verdict and judgment for the plaintiff against the Texas & Pacific Railway Company for eighteen hundred dollars and that company has appealed.

Whether or not the court erred in sustaining appellee Fort Worth Belt Railway Company's plea of privilege depends upon the proper construction of the Act of 1905 (Gen Laws, page 29), prescribing parties to and venue of suits against railroad corporations. Section 1 of that Act is as follows:

"That whenever any passenger, freight, baggage or other property has been transported by two or more railroad companies, express companies, steamship or steamboat companies, transportation companies or common carriers of any kind or name whatsoever, or by any assignee, lessee, trustee or receiver thereof, or partly by one or more such companies or common carriers and partly by one or more assignee, lessee, trustee or receiver thereof operating or doing business as such common carriers in this State or having an agent or representative in this State, suit for damage or loss or for any other cause of action arising out of such carriage, transportation or contract in relation thereto, may be brought against any one or all of such common carriers, assignees, lessees, trustees or receivers so operating or doing business in this State or having an agent or representative in this State, in any court of competent jurisdiction in any county in which either of such common carriers, assignees, lessees, trustees or receivers operates or does business or has an agent or representative; provided, however, that if damages be recovered in such suits against more than one defendant, not partners in such carriage, transportation or contract, the same shall on request of either party be apportioned between the defendants by the verdict of the jury, or if no jury is demanded, then by the judgment of the court."

From a reading of this article it is apparent that the Legislature intended it should be effective as to those transportation companies operating as common carriers, and unless appellee, the Fort Worth Belt Railway Company, is a common carrier under the general acceptation of that term, then there is no authority in law for holding it in the present suit to answer in a county other than that of its domicile. The facts show that while this company is chartered as a railroad company, yet its business is not that of the ordinary railroad corporation. It owns four or five locomotives and one flat car,

about fourteen or fifteen miles of track near the city of Fort Worth, making connection with various railroad companies, and is engaged in the business of switching or transferring cars for these railroad companies from their various connections with its line to the Fort Worth Stock Yards and to other railroad connections. It has no depot or loading facilities, furnishes no cars, makes no charges against shippers; in fact, is a stranger to the shipping contract entered into by the various railroad companies, but its compensation consists in fixed charges of from one to two dollars per car for handling such cars, which charges under the rule promulgated by the Railroad Commission are required to be absorbed by the railroad company engaging its services. Under these circumstances we hold that the Belt Railway Company is not a common carrier within the meaning of the Act above quoted, but that the same was merely the agent of the appellant, employed by it as a means of carrying out the contract of shipment with appellee Henson, and as such was properly dismissed from the suit in Midland County. Texas & Pac. Ry. Co. v. Scoggin & Brown, 40 Texas Civ. App., 526.

While there may be some contrariety of holding on this question, still we think the weight of authority, as well as the better reason, is in favor of the conclusion we have here reached. In Elliott on Railroads, paragraph 1399, it is said: "If the transfer company simply acts as an agent of the initial carrier in transferring the goods, then the transfer company can not be justly regarded as a connecting carrier, nor can it be so considered where the initial carrier simply employs it for its own convenience. Ordinarily, the question whether the transfer company was or was not an agent or employe of the initial carrier must be determined from the facts of the particular case." So in Moore on Carriers, sec. 43, it is said: "But a corporation which, being under no legal obligation to do so, voluntarily contracts to switch cars over its tracks between two or more railways, for which service it collects switching charges for switching the cars, loaded or empty, but charges no traffic rates on the freight transported or transferred in the cars, in the performance of such service assumes none of the responsibilities of a common carrier, but only those of a switchman." The text of these two writers appears to be based upon and is supported by the case of Ky. & I. Bridge Co. v. Louisville & N. Ry. Co., 37 Fed., 567, 2 L. R. A., 289, 2 Inters. Com. R., 162.

Article 1208, Sayles' Texas Civil Statutes, authorizing the making of additional parties, is also cited by appellant, but this statute will not authorize the making of a party defendant unless such party was properly suable in the first place in the county where such suit is pending. St. L. & S. W. Ry. Co. v. McKnight, 99 Texas, 289. It is hardly necessary for us to add that we are not discussing the question of Fort Worth Belt Railway Company's liability for any act of negligence, but merely its right to be sued in the county of its domicile as affected by the statutes referred to.

In the trial of the case on its merits there was no error in refusing appellant's special charge No. 4, seeking to have submitted the issue of appellee's contributory negligence in failing to feed and water the

stock while in the pens at Stanton, since there was no plea of contributory negligence in this respect.

Appellant fails to state any evidence that would authorize the giving of special charge No. 1, excluding a recovery for delays occurring prior to the delivery of the cattle in question to it, and indeed, our examination of the record fails to discover any evidence tending to show such damages.

It was the duty of appellant to furnish suitable pens and facilities for delivering cattle at its Fort Worth termination, and the requested special charge No. 3, excusing it for all damages growing out of a crowded condition of the stock yards, was therefore erroneous in assuming that it was not liable for such crowded condition.

It was permissible, we think, to allow appellee Henson as a witness to state that the loss in price per head on his cattle at their destination was two dollars or two and one-half dollars, and such ruling did not violate the principle that a witness can not express an opinion upon a mixed question of law and fact. Chicago, R. I. & T. Ry. Co. v. Halsell, 35 Texas Civ. App., 126; Red River, T. & S. Ry. Co. v. Eastin & Knox, 39 Texas Civ. App., 579; Ft. Worth & D. C. Ry. Co. v. Waggoner National Bank, 36 Texas Civ. App., 293. The authorities cited by appellant, notably Houston & T. C. R. R. Co. v. Roberts, 101 Texas, 418, 50 Texas Civ. App., 69, and Gulf, C. & S. F. Ry. Co. v. Kimble, 49 Texas Civ. App., 622, are not in point since there the testimony condemned consisted in the expression of opinion by witnesses as to what would constitute "a reasonable time" or "reasonable care" and the like—evidently mixed questions of law and fact.

Other assignments of error not discussed are disposed of in our conclusions with respect to appellee Fort Worth Belt Railway Company's connection with the shipment.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error granted. Judgment in favor of Henson affirmed. Judgment of Ft. Worth Belt Co. against Texas & P. Ry. Co. reversed and remanded Nov. 30, 1910.