HEATON et al. v. STATE NAT. BANK.

(Court of Civil Appeals of Texas. Amarillo.
June 28, 1913. Rehearing Denied
Oct. 11, 1913.)

1. BILLS AND NOTES (§ 489*)—ACTION—VARI-
ANCE—EXHIBIT.

The note sued on being attached to the pe-
tition as an exhibit, there could be no variance
between the allegation and the proof such as
would surprise defendants when the note was of-
fered in evidence.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. §
489.*]

2. PRINCIPAL AND SURETY (§ 104*)—PROVI-
SION FOR EXTENSION—DISCHARGE OF SURE-
TY.

Provision in a note, signed by a surety, as
well as the principal debtor, that time of pay-
ment might be extended without notice thereof
permitted of but one extension; so that a sub-
sequent extension, without the knowledge and
consent of the surety, binding the payee, dis-
charged the surety.

[Ed. Note.—For other cases, see Principal and
Surety, Cent. Dig. §§ 186–190, 193–195, 197–
199, 200; Dec. Dig. § 104.*]

Appeal from District Court, Tarrant Coun-
ty; Thomas Simmons, Judge.

Action by the State National Bank against
W. S. Heaton and others. Judgment for
plaintiff, and defendant R. Vickery appeals.
Reversed and rendered as to appellant.

Orrick & Terrell, of Ft. Worth, for appel-
lant. W. B. Paddock and F. M. Bransford,
both of Ft. Worth, for appellee.

HALL, J. This suit was brought by appel-
lee bank against W. S. Heaton, George Bury,
and R. Vickery, upon a promissory note,
dated May 15, 1908, due 90 days after date,
in the sum of $2,500, stipulating for 10 per
cent. interest and 10 per cent. attorney's fees.
The note sued upon was made an exhibit to
the petition, and was executed by R. Vickery,
"as security." Defendant Vickery replied by
general demurrer and special demurrer, be-
cause there was a variance between the alle-
gations in the original petition and the ex-
hibit, in that the original petition declared
against him as a maker, while the note show-
ed he was merely a surety, and setting up
the four-year statute of limitation. He spe-
cially pleaded that he signed the note as sure-
ty, and was liable upon the same as such,
which was well known to the bank; that
after the maturity of the note for a valuable
consideration, without his knowledge or con-
sent, time of payment thereof was extended
from time to time, and that plaintiff contin-

ued this every 90 days for a period of 18 months or longer, and that by reason of such facts he is released; that when he signed the original note, of which the one in suit was a renewal, he signed the same as surety, and that at the time he signed this note, Heaton and Bury were in good standing financially, and within the defendant's knowledge were the owners of about 600 acres of land in Tarrant county, some lots and blocks in Ft. Worth, and of a number of vendor's lien notes; that after defendant signed the note in suit, plaintiff bank extended other credits to Heaton and Bury, who were already largely indebted to plaintiff in sums to this defendant unknown; that no notice was ever given this defendant of the fact that Heaton and Bury had not paid said note when it matured, nor did he know that the time of payment had been extended from time to time upon the payment of interest in advance on same, nor did he consent to said extensions. There are other allegations not necessary to be noted here. By supplemental petition, the bank alleged that the note was extended from time to time for a valuable consideration paid by the defendants Heaton and Bury, and that said consideration was credited on the back of said note; that same was extended to a certain time, which was done according to the conditions described and agreed to in said note by all the parties; that it had been the custom in the dealings between it and the said defendants, Vickery, Heaton, and Bury, that upon the maturity of a note, instead of executing a new note for the parties, to pay interest for an extension, which would be thereupon indorsed upon the back of the note; that Vickery had signed other notes in which this method had been pursued; that the extensions complained of were made in accordance with the term of the note and the custom existing between the parties. The note in question contained the following provision: "The makers and all indorsers hereof severally waive presentment for payment, protest and notice of protest and consent that time of payment may be extended without notice thereof." When introduced in evidence the note showed that upon the date of its maturity, August 13, 1908, the interest was paid and the note extended to October 12, 1908, and contained 10 other extensions; the last being to December 9, 1909. Defendant Bury introduced his discharge in bankruptcy which had been pleaded. On a trial before the court without the intervention of a jury, judgment was rendered discharging Bury and in favor of the bank against the defendants W. S. Heaton and R. Vickery. From this judgment R. Vickery alone appealed.

The trial court found the following facts, in substance: That at the time of the several extensions interest was paid in advance to the time when the payment was extended; that Vickery had no notice of the payments of interest in advance, nor of the extensions of the time of payment; that the original note made by the parties had been renewed three times, and that the various extensions were of the last note; that Vickery did not know the last note had not been paid until November or December, 1909, and that he did not consent to any of the extensions of the time of payment; that the bank knew at all times that Vickery was merely a surety upon the note.

[1, 2] The first assignment of error is without merit. The original note sued upon having been attached to the petition as an exhibit, there can be no variance between the allegation and the proof such as would surprise the defendants when the note was offered in evidence. The real question in this case is whether or not the stipulation quoted above, to the effect that the time of payment might be extended without notice thereof, permitted repeated extensions of the time of payment without the knowledge and consent of appellant, Vickery. We have not been able to find any Texas case in which this question has been considered. In the case of Oyler et al. v. McMurray, 7 Ind. App. 645, 34 N. E. 1004, the note sued upon had this provision: "The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them." In discussing this point in the case, we quote from the opinion as follows: "The third paragraph, however, in our opinion, states facts sufficient to constitute a defense to the cause of action. The term 'any extension' is used in the singular sense. It is not intended for an indefinite number of extensions of the time of payment. When the appellee, at the end of one year from the date of the note, extended the time of payment until January 1, 1889, such extension was in accordance with the agreement of the parties, as we have before stated, and all the parties, including appellant Oyler were bound by it, and he was not thereby discharged. The agreement, however, contained in the stipulation in the note, was met and satisfied by that extension. The other extensions, or any of them, if made as alleged, had the effect of discharging him. Bank v. Chick, 64 N. H. 410, 13 Atl. 872. In Rogers v. Warner, 8 Johns. (N. Y.) 119, a letter of credit was given, stating: 'Our sons wish to take goods of you on credit. We are willing to lend our names as security for any amount they may wish'—and it was held: 'The true construction of the letter of credit is that it is to be confined to the first parcel of goods.' In another case a father wrote that he would hold himself accountable for 'any sum' that his son might become indebted, not exceeding $200; and it was held that 'the words are evidently satisfactory when any one indebtedness is incurred.' White v. Reed, 15 Conn. 457. In another case

the language was: 'I will guaranty the payment of any goods you may sell him'—and it was held to refer 'to but one transaction, and not to a number of transactions.' Schwartz v. Hyman, 107 N. Y. 562, 14 N. E. 447. When the word 'any' is used in plural sense, a different rule applies; as, for instance, 'any facts and circumstances.' * * * The language of the stipulation, however, in this case, is not 'any extensions,' in the plural, but simply 'any extension,' in the singular. While the pleader in framing the third paragraph of his answer may not, in view of the conclusion reached by us, have proceeded in all respects upon a strictly correct theory, yet, as the facts pleaded, for the reasons stated, show, if true, that at least two unauthorized extensions of the time of payment have been made in such manner as to release the surety, the answer is sufficient to constitute a defense to the action."

The case of Rochester Savings Bank v. Chick, cited above, was a suit upon a promissory note containing this provision: "All the signers agree to be holden should the time of payment be extended." And in the opinion we read: "Clark had no knowledge of any of the extensions, and did not consent to any of them, except by the agreement in the note. That agreement could not have been intended for an indefinite extension of the time of payment, nor for a series of extensions, from time to time, indefinitely, so that the creditors and principle makers could, at their pleasure, always keep the surety liable, and forever prevent his enforcing payment against the principal, or using the statute of limitations as a defense. Such a construction of the agreement in the note with such consequences cannot be adopted without clearly expressed intention to that effect in the agreement itself. The time of payment fixed upon in the note is six months, and the agreement 'to be holden should the time of payment be extended' naturally, and by the ordinary force of language taken in connection with the first part of the note, means a reasonable extension for a definite time, and not a series of extensions indefinite in number and endless in repetition. When the plaintiff, at the end of six months from the date of the note, extended the time of payment for a definite period of time, the extension was in accordance with the agreement of all parties. All parties were bound by it, and the defendant Clark was not thereby discharged, but the agreement in the note was met and satisfied by such an extension. Any further extension, upon a valid consideration and binding upon the plaintiff, made without the consent of the surety, had the effect of discharging him." Hodge v. F. Bank, 7 Ind. App. 94, 34 N. E. 123; Lime Rock Bank v. Malett, 34 Me. 547, 56 Am. Dec. 673.

The rule is well founded that sureties are specially favored both by courts of law and equity, and requires that a contract of suretyship must be strictly construed to impose upon the surety only those burdens clearly within its terms, and must not be extended by implication or presumption. State v. Evans, 32 Tex. 200.

In our opinion, the repeated extensions of the time of payment for a valuable consideration, made upon such terms as bind the bank, had the effect of releasing appellant, Vickery, and the judgment of the trial court as to him is reversed and here rendered, discharging him with his costs. The judgment in all other things is affirmed.