SAN ANTONIO, U. & G. RY. CO. v. STOREY et al. (No. 5381.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1914. On Motion for Rehearing, Jan. 13, 1915.)

**1. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—PRESUMPTIONS.**

Where the shipper accompanied cattle and was as well placed as the carrier to know the cause of injuries, there is no room for the presumption that the injuries were caused by the delivering, instead of the initial, carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

**2. APPEAL AND ERROR (§ 930*)—REVIEW—PRESUMPTIONS.**

Where the verdict in an action against a carrier for injuries to a shipment of live stock was found pursuant to a general charge, it cannot be presumed that the entire amount was awarded on account of delay and rough handling, so as to sustain an assignment that the award on that issue, which was properly submitted to the jury, was excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. § 930.*]

**3. COSTS (§ 90*)—AWARD OF COSTS.**

Where plaintiff recovered against only one of the defendants, the costs of the successful defendant should be assessed against plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 350–355; Dec. Dig. § 90.*]

**4. APPEAL AND ERROR (§ 263*)—NECESSITY OF EXCEPTION—INSTRUCTIONS.**

Under Rev. St. art. 2061, as amended by Acts 33d Leg. c. 59, assignments to the refusal to give special charges cannot be reviewed when no exceptions were reserved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

**5. CARRIERS (§ 227*)—INJURIES TO LIVE STOCK—CONTRIBUTORY NEGLIGENCE—PLEADING—NECESSITY.**

The contributory negligence of a shipper of live stock must be pleaded to be relied on.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. § 227.*]

**6. CARRIERS (§ 217*) — CARRIAGE OF LIVE STOCK—CONTRIBUTORY NEGLIGENCE.**

Where a carrier failed to furnish cars for a shipment of cattle at the time agreed upon, and the nearest watering place was 2½ miles away, the shipper was not guilty of contributory negligence because he allowed his cattle to remain in the pens, where the carrier's agent told him the train was liable to come at any time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 931; Dec. Dig. § 217.*]

**7. APPEAL AND ERROR (§ 207*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.**

Where no ruling of the court on the question of objectionable argument was asked until

motion for new trial, the matter cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1500; Dec. Dig. § 207.*]

8. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Despite Rev. St. art. 1612, which, as amended by Acts 33d Leg. c. 136, requires great liberality in consideration of assignments of error, an assignment that a verdict was erroneous because the damages were too speculative and remote, not being based on the evidence, is too general for consideration, in view of Rules 68 (142 S. W. xxii) and 71a (145 S. W. vii) for the district courts, and Rules 24, 25, and 26 of the Courts of Civil Appeals (142 S. W. xii), which require particularity in assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

On Motion for Rehearing.

9. COSTS (§ 237*)—AWARD OF COSTS.

Where the judgment improperly awarded plaintiffs costs to which they were not entitled, and plaintiffs failed to correct it after motion for new trial, the costs of an appeal on which that portion alone of the judgment for plaintiffs was reversed must be assessed against them.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 906, 929; Dec. Dig. § 237.*]

10. APPEAL AND ERROR (§ 748*)—OBJECTIONS TO ASSIGNMENT OF ERROR.

After an assignment has been considered and sustained, a party cannot urge its insufficiency.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by H. C. Storey and another against the San Antonio, Uvalde & Gulf Railway Company and another. From a judgment for plaintiffs, defendant named appeals. Modified and affirmed.

Williams & Hartman, of San Antonio, for appellants. Wilson, Dabney & King, of Houston, G. B. Fenley, of Uvalde, W. B. Teagarden, of San Antonio, and Martin & Martin, of Uvalde, for appellees.

MOURSUND, J. H. C. Storey and L. E. Miller sued appellant and the International & Great Northern Railway Company to recover damages in the sum of $779.51, alleged to have been suffered by plaintiffs by reason of appellant's failure to furnish cars to load 157 head of cattle at 5 a. m. on July 23, 1913, thus causing the cattle to be kept in appellant's pens until 4:10 p. m. on said July 23d, and in failing to furnish facilities for watering said cattle, and because of delay in transporting the cattle and rough handling thereof, by both defendants, which acts were alleged to constitute negligence, and to have caused the cattle to arrive upon the market at Ft. Worth one day later than they would have arrived had no delays occurred, and also caused the death and injury of some of the cattle, as well as an excessive shrinkage in the weight of all of the cattle. The petition contained specific allegations concerning what the market value of the cattle would have been had they arrived upon the market one day earlier and suffered no damage or excessive shrinkage, and also the prices which such cattle actually brought when sold; but it is unnecessary to state the details of the allegations. The trial resulted in a verdict and judgment in favor of plaintiffs against appellant for $600 and in favor of the International & Great Northern Railway Company.

[1] The first assignment attacks the judgment as being contrary to the evidence, the contention being that the undisputed evidence showed that at the time the cattle were delivered by appellant to the International & Great Northern Railway Company they were in good condition, and that when they reached their destination, Ft. Worth, they were in a damaged condition, for which reason the judgment against appellant for all damages and in favor of the International & Great Northern Railway Company was erroneous. The only proposition urged is as follows:

"When live stock are delivered to an initial carrier in good condition and are delivered by the last carrier in a damaged condition, the presumption is that the damage was caused by the delivering carrier."

This proposition does not apply in this case because the shipper accompanied the cattle and was in as good a position as the carriers to show where the damage occurred. T. & P. Ry. Co. v. Scoggin & Brown, 40 Tex. Civ. App. 526, 90 S. W. 521; T. & N. O. Ry. v. Gray, 45 Tex. Civ. App. 208, 99 S. W. 1125. Appellee Miller's testimony was to the effect that the cattle were in bad condition when they reached San Antonio, owing to the fact that they were left in appellant's pens for about ten hours after the agreed time when they were to be loaded, and had become hot and thirsty and were loaded without being watered. The assignment is overruled.

[2] By the second assignment it is contended that the verdict is contrary to the charge of the court; the contention being that the charge only permitted the recovery of the difference between the market value of the cattle at the time and in the condition they did arrive, and at the time and in the condition they should have arrived at Ft. Worth had there been no negligent delays and rough handling, and that, if the jury based its verdict upon said charge, the verdict is erroneous because the same was in favor of the International & Great Northern Railway Company, which was the delivering carrier. We are unable to determine from the assignment, considered in connection with the proposition and statement, what appellant's exact contention is with respect to the evidence; whether the presumption discussed under the first assignment is relied upon, as is indicated by the reference to the fact that the International & Great Northern Railway

Company was the delivering carrier, or whether it is contended that there is no evidence of delay and rough handling and therefore no basis for a verdict upon said charge, or whether it is contended that the verdict is excessive if allowed only for such delay and rough handling as was shown by the evidence. We need not further discuss the presumption relied upon in the first assignment of error. We think there is evidence sufficient to go to the jury on the issue of rough handling and delay, and besides no objection was made to the charge. As to the verdict being excessive for delay and rough handling, it need only be said that in another paragraph of the charge the court submitted the issue whether appellant was negligent in failing to furnish cars and in failing to furnish facilities for watering the cattle, and whether the cattle were damaged thereby. The verdict being found pursuant to a general charge, it is impossible to say that the entire amount was awarded on account of delay and rough handling during the transportation of the cattle. We are unable to say that any error in the verdict is pointed out in the second assignment, and the same is therefore overruled.

[3] The third assignment attacks the judgment because all costs are assessed against appellant, including those incurred by the International & Great Northern Railway Company, which recovered a judgment against plaintiffs below. The costs incurred by the International & Great Northern Railway Company should have been adjudged against plaintiffs, and not against appellant. I. & G. N. Ry. Co. v. Hall, 78 Tex. 657, 15 S. W. 108; Texas Cent. Ry. Co. v. Shirley, 130 S. W. 687. This is not a case where the costs are properly adjudged against a party, and the contention made that certain items so adjudged are illegal or improperly taxed under such judgment, but a case in which the judgment itself is attacked, and not what is done thereunder. The cases cited by appellant are not in point. The opinion in Zarate v. Villareal, 159 S. W. 874, referred to by appellant, was written upon a motion to retax costs which this court had adjudged against appellees, and was held to come too late for the reasons stated in the opinion. Our judgment upon the question of costs was attacked by motion for rehearing, which was overruled, and the motion to retax related to the items of cost taxed against appellees under our judgment. Such opinion in no way conflicts with our holding in sustaining this assignment of error.

[4] The fourth and fifth assignments complain of the court's refusal to give special charges. No exceptions to such rulings are shown to have been taken, so the assignments must be overruled. Rev. Stat. 1911, art. 2061, as amended by Act of 33d Leg. p. 114; Mutual Life Ins. Ass'n v. Rhoderick, 164 S. W. 1067; Heath v. Huffhines, 168 S. W. 974;

Taylor v. Butler, 168 S. W. 1004; Railway v. Tomlinson, 169 S. W. 217.

[5, 6] The sixth assignment contends that the verdict is contrary to the law and the evidence, in that the evidence shows that Storey and Miller were guilty of contributory negligence in failing to water the cattle at La Pryor. Appellant did not plead contributory negligence on the part of the shippers, and the assignment must therefore be overruled. T. & P. Ry. Co. v. Henson, 56 Tex. Civ. App. 468, 121 S. W. 1127. However, it appears from Miller's testimony that the nearest place at which the cattle could have been watered was 2½ miles from the pens, and that the agent told him the train would be likely to come at any time.

[7] The seventh assignment, as copied in the brief, is defective in form, but under article 1612, R. S. 1911, as amended by the last Legislature (Acts 33d Leg. c. 136), we are probably required to consider the same. The assignment must be overruled because so far as is disclosed by the bill of exception no ruling of the court may have been invoked or exception reserved in regard to the objectionable argument until the motion for new trial was filed. Railway v. Lester, 84 S. W. 401; Traction Co. v. Yates, 39 Tex. Civ. App. 114, 88 S. W. 283; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631; Jones v. Wright, 92 S. W. 1010.

[8] By the eighth assignment it is contended that the verdict is erroneous "because the amount of damage assessed, being $600, was too speculative and remote, not being based upon the evidence in the case." . This assignment of error is submitted as a proposition, and no other proposition accompanies it. The statement and argument appear to be directed to the issue whether the verdict is excessive. Assignments of error which complain of a verdict as excessive, without pointing out in what respect, under the facts, it is contended to be excessive, have often been held too general to require consideration. Railway v. Miller, 124 S. W. 109, and cases therein cited; City of Galveston v. Devlin, 84 Tex. 319, 19 S. W. 395; Railway v. Scarbrough, 104 S. W. 414. The assignment filed by appellants in this case which is copied from the motion for new trial is entirely too general, and, we think, should not be considered even under the amendment to article 1612 adopted by the last Legislature. Rule 68 (142 S. W. xxii) and 71a (145 S. W. vii) for District Courts; Rules 24, 25, and 26 for Courts of Civil Appeals (142 S. W. xii); Salliway v. A. O. U. W., 164 S. W. 1041, and cases therein cited.

The judgment against appellant in favor of the International & Great Northern Railway Company for costs of suit is reversed and here rendered for appellant. As no complaint is made by said International & Great Northern Railway Company of the failure of the court to grant it a judgment for costs

against Storey and Miller, we are powerless to correct the judgment in this respect, and said railway company will lose its costs incurred in the trial court, and the costs of this appeal must also be assessed against it. In all other respects the judgment of the trial court is affirmed.

## On Motion for Rehearing by International & G. N. Ry. Co.

[9, 10] We erred in treating the judgment as one in favor of the International & Great Northern Railway Company against appellant for costs. The judgment complained of by appellant was in favor of Storey and Miller against appellant for all costs expended, without excepting those adjudged in favor of the International & Great Northern Railway Company, which are properly chargeable against Storey and Miller. The motion for rehearing is granted, our former judgment set aside, and judgment will be rendered affirming the judgment of the trial court in all respects, except that Storey and Miller shall only recover of appellant all costs incurred in the trial court other than those incurred by reason of the International & Great Northern Railway Company being a party to said suit. As Storey and Miller neglected to have the judgment corrected upon the filing of the motion for new trial, the costs of appeal will be taxed against them. Their contention that the assignment of error should not be considered comes too late, after such assignment has been considered and sustained.