MURPHY v. DAVIS et al.   (No. 3600.)

Court of Civil Appeals of Texas. Texarkana.
July 19, 1928.

White & Yarborough, of Dallas, and G. T. Barlett, of Linden, for appellant.

O'Neal & Harper, of Atlanta, for appellees.

HODGES, J.   This appeal is from a judgment of the district court of Cass county, overruling a plea of privilege. The suit was filed by Rayfield Davis and Daisy Williams against the United Brothers of Friendship and Sisters of the Mysterious Ten on a fraternal benefit certificate issued upon the life of Hattie Murphy, deceased. They seek to recover the sum of $500, the amount of that certificate, as the beneficiaries named in the certificate. The plaintiffs allege that they reside in Cass county, and that the defendant company is doing business in this state, with its domicile and principal office at Houston, in Harris county. Sebe Murphy, the appellant, was also made a party defendant. Plaintiffs charge that Murphy unlawfully and fraudulently forged the name of Hattie Murphy, the insured, to an affidavit requesting that the policy of insurance be changed, so as to make him the beneficiary. They allege that Murphy is now claiming an interest in the policy, and pray for judgment canceling the instrument upon which his claim is based, and for a judgment against the company for the amount of the policy. Murphy filed his plea of privilege, claiming the right to be sued in Dallas county, the place of his residence.

Plaintiffs answered by a controverting affidavit, in which they rely upon exception 28 of article 1995 (Rev. St. 1925), which is as follows:

"*Insurance.* Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policy holder or beneficiary instituting such suit resides."

Plaintiffs contend that under that provision and subdivision 4 of the above-named article they have the right to join Murphy in this suit. Subdivision 4 provides:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

That provision of the statute has no application to this case, since both the pleadings

and proof show that the insurance company is not sued in the county where its domicile is located. It is well settled that no person can be sued out of the county of his residence, unless he comes within one or more of the exceptions mentioned in article 1995. In St. Louis S. W. Ry. Co. v. McKnight, 99 Tex. 289, 89 S. W. 755, it was held that, in order to join a nonresident under the provisions of subdivision 4, the suit must be brought in the county where one of the defendants resides. In that case the court said:

"If the suit had been instituted at the domicile of the Fort Worth & Denver City Railway Company, then the jurisdiction at that point over the St. Louis & Southwestern Railway Company could have been maintained under the fourth subdivision of art. 1194, Rev. Stat. [1895], which allows suit to be brought in such case in the county where one of the defendants resides; but, as the suit was not brought at the domicile of the Fort Worth & Denver City Railway Company, the case does not come within that exception."

See, also, T. & P. Ry. Co. v. Henson, 56 Tex. Civ. App. 468, 121 S. W. 1127; Breed v. Higginbotham (Tex. Civ. App.) 141 S. W. 164.

We think that holding is decisive of the only question presented in this appeal.

The judgment of the trial court will be reversed, and the cause remanded, with instructions to transfer the suit as to Murphy to Dallas county, the county of his residence.